UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COREY MILLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1413** |
| **TIMOTHY HOOPER, WARDEN** | **SECTION "R"(4)** |

## ORDER AND REASONS

Petitioner Corey Miller through counsel filed a **Motion to Hold Petition in Abeyance Pending Exhaustion of State Court Remedies (ECF No. 3)** to allow him time to exhaust state court review of his third and fourth claims which were pending before the Louisiana Supreme Court in Writ No. 2021-KP-305. Miller's petition for writ of habeas corpus under 28 U.S.C. § 2254 challenges his 2013 Jefferson Parish conviction for second degree murder.[1] ECF Nos. 1, 1-1. He sought a stay to protect his ability to timely file a federal habeas petition pending the Louisiana Supreme Court's review of his then-pending writ application. ECF No. 3.

On October 16, 2021, the State filed an opposition to the motion asserting that a stay and abeyance is unwarranted in this case. ECF No. 21. Specifically, the State asserts that the Louisiana Supreme Court has now completed its review and denied Miller's final writ application on October 5, 2021. *Id*. at 2; *see State ex rel. Miller v. State*, No. 21-KP-305, 2021 WL 4551252, at *1 (La. Oct. 5, 2021). The State also notes that Miller's failure to properly exhaust review of his first two claims is now barred under state law, rendering a stay inappropriate. ECF No. 21, at 2-3.

The United States Supreme Court has decreed that stay-and-abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). In *Pliler v. Ford*, 542 U.S. 225, 227 (2004), the Supreme Court cautioned that a stay-

---

[1] Millers asserts four claims of actual innocence, unfair influence on jurors to vote guilty, ineffective assistance of counsel, and denial of due process by coerced witnesses statements.

and-abeyance "should be available only in limited circumstances." *Rhines*, 544 U.S. at 277. A stay is appropriate only when the district court determines that there was "good cause" for the failure to fully exhaust state court review. *Id*. A "protective petition", like that filed by Miller, also is allowed under Supreme Court precedent, but only when the petitioner has diligently pursued exhaustion in a procedurally proper manner and seeks to suspend the federal statute of limitations which otherwise may be compromised before he can obtain complete exhaustion. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Miller's request for a stay was based on his efforts to complete exhaustion of his third and fourth claims asserted in his federal petition. The Louisiana Supreme Court has now ruled against him on his then-pending writ application. A stay is no longer necessary for him to accomplish that which is now completed. In addition, the State asserts that any failure to properly complete exhaustion is no longer available to Miller under state law and is instead a matter of procedural default.

Having reviewed the record, Miller's case does not fit the restrictive parameters recognized for the granting of a stay and abeyance, especially considering completion of state court review of this third and fourth claims, which was the basis of his motion. There is no showing of good cause to stay these proceedings at this time. Accordingly,

**IT IS ORDERED** that Miller's **Motion to Hold Petition in Abeyance Pending Exhaustion of State Court Remedies (ECF No. 3)** is **DENIED**.

New Orleans, Louisiana, this  20th  day of October, 2021.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**